JWB

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Monte Haney, | No. CV 1-07-1222-GMS |
| Plaintiff, | **ORDER** |
| vs. | |
| J. Bondoc, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's First Amended Complaint (Doc. # 15), filed in compliance with the Court's April 3, 2009 Order (Doc. # 14). The Court will dismiss the First Amended Complaint for failure to state a claim and provide Plaintiff with one final opportunity to file a second amended complaint.

**I.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint

JDDL-K

before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).

The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies). Plaintiff's First Amended Complaint will be dismissed for failure to state a claim, with leave to amend because it may possibly be saved by amendment.

## II.   Complaint

In Plaintiff's one-count First Amended Complaint he claims that Defendants have failed for over six months to provide him with his prescription eyeglasses. Specifically, Plaintiff alleges that in late 2006, he had an appointment with Bondoc. Plaintiff informed "the Defendant" that upon his transfer to San Quentin he lost his prescription glasses. Plaintiff then saw Yasuda and requested that Yasuda write an order authorizing prescription eyeglasses to be issued by the prison because Plaintiff was indigent. Plaintiff claims this did not happen and he has since been unable to receive his eyeglasses (Doc. # 15 at 3)

## III.   Failure to State a Claim

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment.  To state a § 1983 medical claim, a plaintiff must show that the defendants acted with "deliberate indifference to serious medical needs."  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  A plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's response was deliberately indifferent. Jett, 439 F.3d at 1096 (quotations omitted).

To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw

1   the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Deliberate indifference in the
2   medical context may be shown by a purposeful act or failure to respond to a prisoner's pain
3   or possible medical need and harm caused by the indifference. Jett, 439 F.3d at 1096.
4   Deliberate indifference may also be shown when a prison official intentionally denies, delays,
5   or interferes with medical treatment or by the way prison doctors respond to the prisoner's
6   medical needs. Estelle, 429 U.S. at 104-05; Jett, 439 F.3d at 1096.

7         Deliberate indifference is a higher standard than negligence or lack of ordinary due
8   care for the prisoner's safety. Farmer, 511 U.S. at 835. "Neither negligence nor gross
9   negligence will constitute deliberate indifference." Clement v. California Dep't of
10  Corrections, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); see also Broughton v. Cutter
11  Labs., 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or
12  "medical malpractice" do not support a claim under § 1983). "A difference of opinion does
13  not amount to deliberate indifference to [a plaintiff's] serious medical needs." Sanchez v.
14  Vild, 891 F.2d 240, 242 (9th Cir. 1989). A mere delay in medical care, without more, is
15  insufficient to state a claim against prison officials for deliberate indifference. See Shapley
16  v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). The indifference
17  must be substantial. The action must rise to a level of "unnecessary and wanton infliction
18  of pain." Estelle, 429 U.S. at 105-06.

19        Plaintiff's allegations in no way state a claim for deliberate indifference. While
20  Plaintiff has alleged that he requires prescription eyeglasses, he has not articulated how that
21  is a "serious medical need" such that he is at risk of further significant injury if he does not
22  receive his glasses. Moreover, he has not alleged any facts to support an inference that any
23  Defendant deliberately refused to provide Plaintiff with eyeglasses. At most, Plaintiff has
24  alleged a claim of negligence for failure to complete the appropriate paperwork to receive
25  eyeglasses from the prison, which is insufficient to state a constitutional claim.

26  **IV.     Leave to Amend**

27        For the foregoing reasons, Plaintiff's First Amended Complaint will be dismissed for
28  failure to state a claim upon which relief may be granted. Within 30 days, Plaintiff may

1  submit a second amended complaint on the form provided with this Order.  If Plaintiff fails
2  to use the form provided with this Order, the Court may strike the second amended complaint
3  and dismiss this action without further notice to Plaintiff.

4        Plaintiff must clearly designate on the face of the document that it is the "Second
5  Amended Complaint."  The second amended complaint must be retyped or rewritten in its
6  entirety on the form provided with this Order and may not incorporate any part of the original
7  or First Amended Complaint by reference.

8        Plaintiff must comply with the instructions provided with the form.  Plaintiff should
9  pay close attention to the instructions provided with the form.  If Plaintiff fails to comply
10 with the instructions provided with the form, the Court may strike the second amended
11 complaint and dismiss this action without further notice to Plaintiff.

12       Among other requirements contained in the instructions, Plaintiff is advised that the
13 instructions require him to provide information regarding the Court's jurisdiction, provide
14 information about the defendants, and divide his lawsuit into separate counts.  In each count,
15 Plaintiff must identify what federal constitutional civil right was violated, identify the issue
16 most closely involved in that count, state which defendants violated that right and what those
17 defendants did to violate that right, explain how Plaintiff was injured by the alleged violation
18 of the constitutional right, and identify whether Plaintiff has exhausted any available
19 administrative remedies.  Plaintiff must repeat this process for each civil right that was
20 violated.  Plaintiff may allege only one claim per count.

21       A second amended complaint supersedes all prior complaints.  Ferdik v. Bonzelet, 963
22 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542,
23 1546 (9th Cir. 1990).  After amendment, the Court will treat a prior complaint as nonexistent.
24 Ferdik, 963 F.2d at 1262. Any cause of action that was raised in the original or first amended
25 complaint is waived if it is not raised in a subsequent complaint.  King v. Atiyeh, 814 F.2d
26 565, 567 (9th Cir. 1987).
27 ///
28 ///

**V.     Warnings**

    **A.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83-182(f) and 83-183(b) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

    **B.     Copies**

Plaintiff must submit an additional copy of every filing for use by the Court.  See LRCiv 5-133(d)(2).  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

    **C.     Possible "Strike"**

Because the First Amended Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file a second amended complaint correcting the deficiencies identified in this Order, the dismissal will count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

    **D.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

///

///

///

**IT IS ORDERED:**

(1) The First Amended Complaint (Doc. #15) is **dismissed** for failure to state a claim. Plaintiff has **30 days** from the date this Order is filed to file a second amended complaint in compliance with this Order.

(2) If Plaintiff fails to file a second amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

(3) The Clerk of Court must include with this Order a copy of this judge's required form for filing a civil rights complaint by a prisoner.

DATED this 9th day of June, 2009.

*G. Murray Snow*
United States District Judge